# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

ALBERT SHANE MORGAN,

            Defendant.

Case No. 10-CR-194-JHP

## REPORT AND RECOMMENDATION

Defendant's Motion to Suppress [Dkt. 12] has been referred to the undersigned United States Magistrate Judge. The matter has been fully briefed and an evidentiary hearing was held on January 24, 2011.

On November 22, 2010, a search warrant was served on the home of Defendant Albert Shane Morgan. Weapons, marijuana, and cash were seized.

The search warrant was issued by a state court judge based on the affidavit submitted by Tulsa County Sheriff's Deputy, Lance Ramsey. The affidavit stated that a Gordan Ray was found to be in possession of an indoor marijuana grow with approximately 82 plants. Mr. Ray stated to officers that he had been growing for several months and that he knew of two other people also growing marijuana. One of the people was Shane Morgan who was growing twice as many plants. Mr. Ray said that Shane had moved to another house were he was growing plants, but that Mr. Ray had not been there.

The affidavit stated that affiant ran a utilities check and determined that Albert Morgan had moved to 1545 East 45th Place. The affidavit also stated that the utility check on that residence showed that from July of last year (2009) until July to this year (2010) the utility use had doubled from 800 kilowatts to 1600 kilowatts. Surveillance of the residence

revealed a van with A-one air conditioning on it and a vehicle registered to Albert Morgan parked at the residence.

The electricity usage figures contained in the affidavit were not accurate. In fact, the usage had not increased from July 2009 to July 2010. Furthermore, Defendant did not begin occupation of the searched residence until September 17, 2010, so the alleged electricity usage increase reported in the affidavit did not pertain to Defendant.

Defendant argues that the inaccuracies in the affidavit were made knowingly and intentionally, or with reckless disregard for the truth, and should therefore be set aside. Defendant argues that pursuant to *Franks v. Delaware*, 438 U.S. 154, 156 (1978), when the false information is set aside, the remaining content is insufficient to establish probable cause and therefore the search warrant must be voided and the fruits of the search excluded.

Evidence discovered pursuant to a search warrant is excluded when (1) a defendant proves by a preponderance of the evidence that the affiant knowingly or recklessly included false statements in, or omitted material information from, an affidavit in support of a search warrant <u>and</u> (2) after false statements are excised and material omissions are included, the court concludes that the corrected affidavit does not support probable cause. *United States v. Campbell,* 603 F.3d 1218, 1228 (10th Cir. 2010) (citing cases). The foregoing statement is an application of the holding in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon* the Supreme Court held that evidence recovered pursuant to a legally deficient warrant is admissible in criminal proceedings so long as the warrant was issued by a neutral magistrate and the executing officers' reliance on the warrant was objectively reasonable. *Id.* at 913. The Court recognized certain circumstances when the

"good faith" rule should not apply. *United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000) (quoting *Leon*, 468 U.S. at 923)(listing four circumstances when good faith rule should apply).[1] Defendant argues that one of those circumstances is met in this case. That is: the good faith rule does not apply when the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his reckless disregard of the truth. Defendant argues that Deputy Ramsey knew, or should have known, that the electricity usage cited in the affidavit was inaccurate and that Defendant did not live in the house during the time covered by the erroneous utility information.

Deputy Ramsey testified that Mr. Ray did not provide a current address for Defendant. Deputy Ramsey testified that he obtained that information from a contact at PSO. Deputy Ramsey testified that he calls his contact on a regular basis, up to several times a day, to obtain information in the course of conducting drug-related investigations. Generally, he will call with his request and his contact will call him back with the requested information. Deputy Ramsey testified that his contact has provided accurate information in the past. In addition to providing the address for Defendant, the PSO contact also provided the information about electricity usage for the searched address, 1525 E. 45th Place, for July 2009 and July 2010. Deputy Ramsey did not ask and the PSO contact did not provide, the date Defendant opened his utility account for the searched address.

---

[1] The Tenth Circuit approaches challenges to warrants by assuming *arguendo* that the warrant fails to show probable cause and proceeds to determine whether the evidence should be suppressed under *Leon*. *See United States v. Potts*, 586 F.3d 823, 832 (10th Cir. 2009)(citing cases).

3

Deputy Ramsey testified he submitted the search warrant affidavit to his supervisor for approval before presenting it to the judge. He testified that he believed the information contained in the warrant received from PSO was accurate when he included it in the affidavit and did not know why PSO provided inaccurate information.

Defendant submitted an internal document from PSO's parent company, American Electric Power Service Corporation (AEP). The Customer Solutions Center Reference Guide outlines procedures for the release of what the Guide refers to as Proprietary Customer Information. (Def. Ex. 6). Defendant contends that procedures outlined in the guide establish that it is against PSO's policy to release the type of information in the manner in which Deputy Ramsey testified it was released. Defendant asserts therefore that the credibility of Deputy Ramsey's testimony about receiving information from PSO is called into question.

Defendant did not present any testimony to explain who the Guide applies to or how it should be related to the facts before the court. It is not clear that it would be a violation of AEP/PSO policy for Deputy Ramsey to be provided the information he testified he received from PSO. However, even if a policy violation is established, that does not provide a sufficient evidentiary basis to support the conclusion that Deputy Ramsey did not receive the information. Rather, the evidence supports the conclusion that Deputy Ramsey did receive information from PSO.

The informant, Mr. Ray, did not know Defendant's current address. Deputy Ramsey obtained that information from somewhere. The evidence presented supports PSO as the only source of that information. Since Deputy Ramsey clearly obtained the address and PSO is the source of that information, the court concludes that irrespective of PSO's policy

4

Deputy Ramsey did obtain information from PSO. The undersigned finds that Defendant has not established that Deputy Ramsey's testimony concerning his receipt of information from PSO is false.

The undersigned finds that although the affidavit contained inaccurate information and that the inaccurate information was critical to the establishment of probable cause, Deputy Ramsey's testimony was credible. The undersigned finds that Deputy Ramsey did not seek to mislead the issuing magistrate by purposely including inaccurate information in the affidavit, nor did Deputy Ramsey include the inaccurate information in reckless disregard of the truth. Further, the undersigned finds that Deputy Ramsey did not knowingly hide any information from the issuing judge. The circumstances of this case fall into the category of a negligent mistake which, according to *United States v. Artez*, 389 F.3d 1106, 1116 (10th Cir. 2004), is not sufficient to justify exclusion of the evidence.

Based on the foregoing, the undersigned United States Magistrate Judge RECOMMENDS that Defendant's Motion to Suppress [Dkt. 12] be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before **February 8, 2011**.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 25th day of January, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE