# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERT SHANE MORGAN, )<br>)<br>Defendant. ) | Case No. 10-CR-194-JHP |

## ORDER GRANTING MOTION TO SUPPRESS

Before this Court is Defendant Albert Shane Morgan's Motion to Suppress. Docket No. 12. On January 24, 2011, the Magistrate Judge held a Motion Hearing regarding Defendant's Motion to Suppress. Docket No. 20. The next day, the Magistrate submitted the Report and Recommendation, recommending denial of Defendant's Motion to Suppress. Docket No. 21. Defendant has filed an Objection to Report and Recommendation (Docket No. 27), and the United States of America (hereinafter "Plaintiff") subsequently filed a Response to Defendant's Objection to Magistrate's Report and Recommendation (Docket No. 32). Upon full consideration of the entire record and the issues presented thereby, this Court finds that Defendant's Motion to Suppress should be GRANTED. Therefore, Defendant's Objection to Report and Recommendation is SUSTAINED.

## FACTS

This Court concurs with the statement of facts as submitted by the Magistrate Judge. On November 22, 2010, a search warrant was served on the home of Defendant Albert Shane Morgan (hereinafter "Defendant"). Weapons, marijuana, and cash were seized.

1

The search warrant was issued by a state court judge based on the affidavit submitted by Tulsa County Sheriff's Deputy Lance Ramsey. The affidavit stated that a Gordan Ray was found to be in possession of an indoor marijuana grow with approximately 82 plants. Ray told officers that he had been growing for several months and that he knew of two other people also growing marijuana. One of the people named by Ray was "Shane Morgan," who Ray claimed was growing twice as many plants. Ray said that Shane Morgan had lived in a house near 91st and Memorial, but had moved to another house where he was growing plants. Ray further stated that he had not been to Shane Morgan's new residence.

Relevant portions of the warrant affidavit related how Deputy Ramsey was informed of Defendant's new address and the electrical usage at that address:

> 3. Your affiant ran a utilities check on the Albert Morgan and it showed that he moved to 1525 E. 45 pl. [*sic*]
> 4. Your affiant ran utility check on the residence to be search [*sic*] and it showed that from July last year to July of this year the electric use has doubled from 800 Kilowatts to 1600 Kilowatts.

Mot. to Suppress, Ex. 1: Aff. for Search Warrant at 1 (Docket No. 12-1). Defendant presented evidence which demonstrated that the fourth statement in the affidavit was incorrect. In fact, the electrical usage at 1525 East 45th Place had *not* doubled between July 2009 and July 2010. Tr. of Mot. to Suppress Hr'g 43, 45, Jan. 24 2011 (Docket No. 23) (witnesses stating that the electrical usage for July 2009 and July 2010 was exactly the same: 1,065 kilowatt hours); *see* Report and Recommendation at 2 (Docket No. 21). Furthermore, testimony established that Defendant had not moved into 1525 East 45th Place until September 17, 2010–a date *after* the time period during which the power usage had purportedly doubled. Tr. of Mot. to Suppress Hr'g 41, Jan 24, 2011. Therefore, the increased electrical usage could not have pertained to Defendant even if it had

2

occurred.

At the magistrate's Motion to Suppress hearing, the Magistrate Judge questioned Deputy Ramsey about whether he had inquired when Defendant moved into the new house. *Id.* at 28:21-23. In response, Deputy Ramsey stated that he had not asked whether the utility records indicated the date that Defendant moved in; he assumed that because he had specifically inquired into the utility records pertaining to Albert Shane Morgan, the reported dates were relevant to that customer's usage. *See id.* at 28-29. Deputy Ramsey further stated that even though he was aware that Defendant had recently moved, he did not find it necessary to find out the exact moving date. *See id.* at 30-31.

Defendant argues that the inaccurate statements in the search warrant affidavit were made knowingly and intentionally, or with reckless disregard for the truth, and as a result the evidence derived from the subsequent search should be suppressed. *See* Mot. to Suppress at 7-9 (Docket No. 12); *cf.* Franks v. Delaware, 438 U.S. 154, 170-71 (1978). Plaintiff argues that the inaccurate statements were merely negligently made, and therefore the good faith exception to the exclusionary rule still applies. *See* Resp. in Opposition to Def.'s Mot. to Suppress Search at 12 (Docket No. 14).

## **DISCUSSION**

The Fourth Amendment[1] requires that search warrants be supported by probable cause, which is described as "more than mere suspicion but less evidence than is necessary to convict." United States v. Burns, 624 F.2d 95, 99 (10th Cir. 1980). If a Defendant can prove by a preponderance of the evidence that the warrant affidavit contains a statement that was knowingly and intentionally

---

[1] The Fourth Amendment and the derivative exclusionary rule was made applicable to the states via the Fourteenth Amendment under *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

false or made with reckless disregard for the truth, and that statement is material to the finding of probable cause, "the search warrant must be voided and the fruits of the search warrant excluded . . . ." *Franks*, 438 U.S. at 155-56. Therefore, under *Franks*, in order for this Court to grant Defendant's Motion to Suppress it must find that (a) the warrant affidavit contained a false or inaccurate statement, (b) that statement was material to the finding of probable cause, and (c) the false or inaccurate statement was made knowingly and intentionally or with reckless disregard for the truth. This opinion will consider each of these requirements in turn.

I. <u>MATERIALITY OF OMITTED STATEMENT</u>

There is no dispute that the warrant affidavit contained multiple inaccurate statements, as noted in the facts. This Court concurs with the magistrate's finding that "the inaccurate information was critical to the finding of probable cause." Report and Recommendation at 5 (Docket No. 21). Under *Franks*, even if a defendant can prove that a statement in the affidavit was made intentionally or in "reckless disregard for the truth," the warrant is not invalidated unless the inaccurate statements were material to the finding of probable cause. *Franks*, 438 U.S. at 171-72. The standard for determining if the statement was material to the finding of probable cause considers whether, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause . . . ." *Id.* Additionally, the *omission* of a material fact from the warrant affidavit has been held to constitute a violation of the Fourth and Fourteenth Amendments. *Stewart v. Donges*, 915 F.2d 572, 582-83 (10th Cir. 1990); *see United States v. Owens*, 882 F.2d 1493, 1498-99 (10th Cir. 1989).

In *Stewart v. Donges* the Tenth Circuit indicated that "the 'deliberate falsehood' and 'reckless disregard' standards of *Franks* appl[y] to material omissions, as well as affirmative

4

falsehoods." *Id.* at 582 (collecting concurring opinions from the Second, Seventh, D.C., Eleventh, and Fifth Circuits). Thus, it is a violation of an individual's "Fourth and Fourteenth Amendment rights" for an investigating officer to "knowingly or recklessly omit from an . . . affidavit information which, if included, would have vitiated probable cause." *Id.* at 582-83. When analyzing whether an omission is material under *Franks*, the court must consider whether the omitted information was so probative that it would have negated probable cause had it been included. *Id.* at 582-83 n.13. If the inclusion of the omitted statement does not negate probable cause, the omission is not material and *Franks* is inapplicable. *See id.* at 583.

In the instant case, Deputy Ramsey's omission of *when* Defendant moved into 1525 East 45th Place was material to the finding of probable cause. Three primary elements of the affidavit combined to create probable cause to search 1525 East 45th Place: (1) the statement of Gordan Ray, claiming he knew Defendant was growing marijuana plants and that Defendant had "moved to another house where he was growing plants but [Ray] ha[d] never been there" (Mot. to Suppress, Ex. 1: Aff. for Search Warrant ¶ 2 (Docket No. 12-1)), (2) the utilities check and surveillance confirming 1525 East 45th Place to be Defendant's new address (*id.* ¶¶ 3, 5), and (3) Deputy Ramsey's statement that the utilities check confirmed that electric usage in the home had doubled from 800 kilowatts in July 2009 to 1,600 kilowatts in July 2010 (*id.* ¶ 4). The omitted statement directly affects the relevancy of the third element listed, and such relevancy is critical to the finding of probable cause.

The relevancy of the statement regarding the doubling of electrical usage was critical to the finding of probable cause because it provided an evidentiary nexus between Ray's knowledge that Defendant was growing marijuana and Defendant's activities inside *1525 East 45th Place*. Without

5

that statement, the only evidence of Defendant's illegal activities *inside* the new residence is Ray's statement that he "knew of" Defendant's activities. *See id.* ¶ 2. Without the corroboration provided by the doubled electrical usage,[2] Ray's statement is insufficient to create probable cause that illegal activity was ongoing at 1525 East 45th Place--a location to which Ray had "never been" and could not identify as Defendant's residence. *See id.* This Court finds that Ray's statement, if uncorroborated, merely raises a suspicion of illegal activity and does not "lead a prudent person to believe that a search warrant would uncover contraband or evidence of criminal activity." *See* United States v. Danhauer, 229 F.3d 1002, 1005-06 (10th Cir. 2000) (citing United States v. Burns, 624 F.2d 95, 99 (10th Cir. 1980)); United States v. Rowland, 145 F.3d 1194, 1200 (10th Cir. 1998) (discussing standard for establishment of probable cause). Deputy Ramsey's omission of a fact affecting the relevancy of a critical element of probable cause therefore raises serious concerns under *Franks*.

Deputy Ramsey omitted from the affidavit the date on which Defendant moved into 1525 East 45th Place. Defendant signed the lease for 1525 East 45th Place on September 17, 2010 and moved in shortly thereafter. Tr. of Mot. Hr'g Vol. II, 113, March 3, 2011. If the affidavit were rewritten to include the omitted statement, it would read :

> 2. . . . Gordan Ray [stated] that he knew of two other subjects that also growing [*sic*] marijuana in their residence's [*sic*]. Gordan said that Shane Morgan was growing twice as many plants as he was. Gordan said that Shane moved into another house where he was growing plants but he has never been there.

---

[2]The doubling of the electrical usage supplemented probable cause by corroborating Ray's statements. Ray's statements suggested that Defendant had moved to a new residence and continued to conduct indoor marijuana growth. The doubled electrical usage could have resulted from Defendant's moving into the home between July 2009 and July 2010 and commencing use of the high-powered lights used to conduct indoor marijuana growth.

>    . . .
>    3. Your affiant ran a utilities check on the Albert Morgan and it showed that he moved to 1525 E 45th pl [*sic*].
>    4. Your affiant ran a utility check on the residence to be search [*sic*] and it showed that from July [2009] to July [2010] the electric use has doubled from 800 Kilowatts to 1600 Kilowatts.
>    X. *On September 17, 2010, Albert Morgan signed a lease for 1525 East 45th Place and moved in shortly thereafter.*

Mot. to Suppress, Ex. 1: Aff. for Search Warrant ¶¶ 2-4 (Docket No. 12-1) (omitted statement in italics). This example demonstrates that, with the omitted information included, the statement regarding the doubled electrical usage is wholly irrelevant and incapable of serving as evidence of Defendant's alleged illegal activity. The statement cannot corroborate Ray's statement because Defendant could not have been the cause of the increased electrical usage[3] since he moved in two months after the increase occurred. Without the corroboration provided by the invalidated statement, probable cause to search 1525 East 45th Place is vitiated. The omitted statement is therefore *material* to the finding of probable cause under *Stewart* and *Franks*.

## II. RECKLESSNESS OF THE OMISSION

It being established that the omitted information was material to the finding of probable cause, the remaining question is whether such information was included intentionally or with reckless disregard for the truth, or merely negligently. *See* Franks v. Delaware, 438 U.S. 154, 171 (1978). To void a warrant and suppress the fruits of the subsequent search under *Franks*, a

---

[3]At the Evidentiary Hearings on this matter, Defendant proved that the purported doubling of electrical usage at 1525 East 45th Place between July 2009 and July 2010 had not occurred; in fact, the electrical usage had remained constant at 1,065 kilowatts during both months. *See, e.g.*, Tr. of Mot. to Suppress Hr'g 43, 45, Jan. 24, 2011 (Docket No. 23) (witnesses stating that the electrical usage for both July 2009 and July 2010 was 1,065 kilowatt hours). Because the Court finds that the affidavit should be invalidated on other grounds, this inaccuracy in the warrant affidavit is not discussed.

7

defendant must prove by a preponderance of the evidence that the affiant intentionally or with reckless disregard for the truth included false statements within the warrant affidavit. *Id.* at 156, 171. Mere "[a]llegations of negligence or innocent mistake are insufficient" to void a warrant. *Id.* at 171.

As the Fifth Circuit noted in *United States v. Martin*, "it will often be difficult for an accused to prove that an omission was made intentionally or with reckless disregard rather than negligently . . . ." 615 F.2d 318, 329 (5th Cir. 1980). For this reason, courts have recognized that "[i]t is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself." *Id.*; *see also* Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997) (quoting *Martin*, 615 F.2d at 329) ("A party need not show by direct evidence that the affiant makes an omission recklessly."); United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993) (citing United States v. Reivich, 793 F.2d 957, 960 (8th Cir. 1986)).

The Eighth Circuit applied this inference to find that the investigating officer was reckless when he omitted a material fact from the warrant affidavit in *United States v. Jacobs*. 986 F.2d at 1234-35. In *Jacobs*, officers on a drug task force received a tip about a suspicious package held at a Federal Express office. *Id.* at 1232-33. A canine sniff test was conducted on the suspicious package, which was isolated in a room with six to eight other packages. *See id.* at 1233. The dog "examined all the packages and showed an interest in the defendant's package by pushing it around with his nose and scratching it twice. This action did not amount to an official 'alert,' however, so the dog's handler was not sure that the package contained drugs." *Id.* In accordance with this information, an affidavit was prepared which stated that the dog "was presented with 8 different

8

packages including the [suspicious] package. The Canine exhibited an *interest* in only that particular package . . . ." *Id.* (emphasis original). The affidavit never stated that the dog did not issue an official alert after examining the package. *See id.* at 1233-34. The court found that the omitted statement was material to the finding of probable cause (*id.* at 1235) and that "[b]ecause of the highly relevant nature of the omitted information . . . the omission occurred at least with reckless disregard of its effect upon the affidavit" (*id.* at 1234).

Similarly, this Court holds that because of the highly relevant nature of *when* Defendant moved into the home, the omission in this case was at least made in reckless disregard of the truth.[4] Deputy Ramsey testified that he was, and remains, unaware of when Defendant moved into 1525 East 45th Place, and that he assumed the July 2009-July 2010 time frame for the purported doubling of electrical usage provided by his informant was relevant to Defendant. *See* Tr. of Mot. Hr'g Vol. II, 96-97, March 3, 2011. Deputy Ramsey knew that the doubling of electrical usage was critical to the probable cause analysis, as he admitted that he would not have sought a search warrant without that information. *See id.* at 74, 79. Nevertheless, Deputy Ramsey testified that he remained ignorant of Defendant's actual relocation date, despite the fact that he knew from Gordan Ray's testimony that Defendant had moved relatively recently. This Court finds that, under the circumstances described in the hearings, Deputy Ramsey proceeded with reckless disregard for the truth when he submitted a warrant affidavit omitting the date on which Defendant moved into the

---

[4]The *Jacobs* court made no finding as to whether the affiant omitted the highly relevant fact knowingly and intentionally, even though there was evidence suggesting that level of culpability. *See id.* at 1224-35 (investigating officer "knew that the dog had failed to alert to the box before he submitted the affidavit to the magistrate judge, yet he did not include this information"). Similarly, this Court makes no determination of whether Deputy Ramsey knowingly and intentionally omitted the information regarding the move-in date. Such a finding is not necessary as this Court finds that the omission was at least reckless.

residence to be searched. The information was "clearly critical" under the standard set forth in *Jacobs* because a material element of the affidavit would have been undermined by its inclusion and probable cause would not have existed otherwise. Defendant has therefore proven by a preponderance of the evidence that the omission was made with reckless disregard to the truth. Furthermore, as previously discussed, such omission was *material* to the finding of probable cause. Therefore, *Franks* requires that the search warrant be voided and the fruits of the search excluded. *See* Franks v. Delaware, 438 U.S. 154, 156 (1978).

The Plaintiff has argued at length that the good faith exception to the exclusionary rule should allow consideration of the fruits of the search in this matter. *See* Resp. in Opposition to Def.'s Mot. to Suppress Search at 6-11 (Docket No. 14); Resp. to Def.'s Objection to Magistrate's Report and Recommendation at 5-7 (Docket No. 32); Government's Argument to Den. the Def.'s Mot. to Suppress at 7-18 (Docket No. 38). However, considering this Court's finding that the investigating officer's omission mandates exclusion under *Franks*, the good-faith exception cannot apply. Upon adopting the good-faith exception to the exclusionary rule, the Supreme Court noted specific instances in which the good-faith exception could not be invoked; one such instance is that in which the magistrate's finding of probable cause is based on a knowing or reckless inaccuracy in the affidavit, as described in *Franks*. *See* United States v. Leon, 468 U.S. 897, 914 (1984); *see also* United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993) (". . . under *Leon*, a *Franks* violation is not excused."); United States v. Corral-Corral, 899 F.2d 927, 933 (10th Cir. 1990). Therefore, the good-faith exception is inapplicable and the evidence shall remain excluded.

The Supreme Court stated in *United States v. Leon* that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases

in which exclusion will further the purposes of the exclusionary rule." 468 U.S. 897, 918 (1984). Defendant has presented one such unusual case. The facts demonstrate that the date of Defendant's relocation to 1525 East 45th Place was crucial to the relevancy of electrical usage data–which in turn was material to the finding of probable cause. It was therefore reckless for the investigating officer to omit such information from the warrant affidavit, which created a misleading implication that the alleged doubling of electrical usage was factually relevant. Suppression of the evidence obtained pursuant to the subsequent warrant is appropriate because it will encourage more thorough investigation and promotes the ends of the Fourth Amendment's proscription of "unreasonable searches and seizures." **U.S. Const.** amend IV.

## CONCLUSION

For the reasons cited above, Defendant's Motion to Suppress (Docket No. 12) is hereby GRANTED and Defendant's Objection to Report and Recommendation is hereby SUSTAINED.

**IT IS SO ORDERED this 16th day of March, 2011.**

James H. Payne
United States District Judge
Northern District of Oklahoma